## J. A. McGUIRE v. STATE.

No. A-6119.  Opinion Filed Dec. 3, 1928.
(272 Pac. 390.)

Brown, Brown & Williams, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. On information charging that J. A. McGuire did unlawfully have in his possession 50 gallons of mash, wort, and wash fit for distillation of intoxicating liquors, to wit, corn whisky, he was tried, found guilty, and, in accordance with the verdict, was sentenced to pay a fine of $50, and to be confined in the county jail for 30 days. From the judgment he appeals.

The testimony of two deputy sheriffs was, in substance, to the effect that, in executing a search warrant against the defendant's place near Hoxbar, they found 50 gallons of mash in the smokehouse on the north side of the dwelling house. They each testified that this mash, wort, and wash was then and there suitable and fit for the distillation of corn whisky.

As a witness in his own behalf, the defendant testified that he had a barrel of stuff containing meal and sorghum molasses in his smokehouse, and was using it as an old-fashioned substitute for beer; that it was not an intoxicating liquor; that he did not remember whether it contained hops or meal, and did not know whether whisky could be made out of this compound.

Several witnesses qualified as character witnesses, and testified that the defendant's reputation for being a law-abiding citizen in that community was good.

The sole question presented by this appeal is the sufficiency of the evidence to support the verdict.

After a careful examination of the evidence in the

case, we are not prepared to say that the jury were not warranted in finding the defendant guilty.

The credibility of the witnesses and the weight and value to be given their testimony is a question solely for the jury's determination, and, to reverse a judgment on the ground that the verdict is contrary to law and the evidence, this court must find, as a matter of law, that the evidence is insufficient to warrant a conviction.

The instructions fully and fairly presented the law of the case, and, finding no material error in the record, the judgment appealed from is affirmed.

EDWARDS and DAVENPORT, JJ., concur.